IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. C06-1016-LRR |
| | ) | |
| vs. | ) | |
| | ) | JUDGMENT |
| THE GILLETTE COMPANY, | ) | IN A CIVIL CASE |
| | ) | |
| Defendants. | ) | |

This matter came before the Court and

**IT IS ORDERED AND ADJUDGED**

Judgment is entered in accordance with the attached Consent Decree.

Dated: August 17, 2006         PRIDGEN J. WATKINS
                               Clerk

                               /s/ des
                               (By) Deputy Clerk

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des    8/17/06

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GILLETTE COMPANY )<br>)<br>Defendant. ) | Civil Action No. C 06-1016<br>Judge Linda R. Reade |

## CONSENT DECREE

### I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Former Frith Battery Dump Site in Sageville, Dubuque County, Iowa ("the Site").

B. The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

C. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

    a. "Action Memorandum" shall mean the EPA Action Memorandum relating to the Former Frith Superfund Site signed on July 7, 2000 by the Superfund Division Director, EPA Region VII, or his/her delegatee, and all attachments thereto, and attached as Appendix A.

    b. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

    c. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

    d. "Covered Matters" shall mean liability for all costs, including but not limited

to direct and indirect costs, that EPA or DOJ has incurred or paid at or in connection with the time-critical removal action performed pursuant to the Action Memorandum for the Former Frith Battery Dump Superfund Site.

  e. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

  f. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

  g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

  h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

  I. "Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

  j. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

  k. "Parties" shall mean the United States and the Settling Defendant.

  l. "Past Response Costs" shall mean the direct and indirect costs that EPA or DOJ has incurred or paid at or in connection with the time-critical removal action performed pursuant to the Action Memorandum for the Former Frith Battery Dump Superfund Site, including any accrued interest, through the date of entry of this Consent Decree.

  m. "Plaintiff" shall mean the United States.

  n. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

o. "Settling Defendant" shall mean The Gillette Company on its own behalf and as successor to General Dry Batteries, Inc., P.R. Mallory & Company, Inc. And Duracell, Inc..

p. "Site" shall mean the Former Frith Battery Dump Superfund site, encompassing approximately two acres, located at 11399 Route 52 North in Sageville, Dubuque County, Iowa, and depicted more clearly on the map included in Appendix B.

q. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. REIMBURSEMENT OF PAST RESPONSE COSTS

4. Payment of Past Response Costs to the EPA Hazardous Substance Superfund. Within 30 days of entry of this Consent Decree, Settling Defendant shall pay to the EPA Hazardous Substance Superfund $750,000 in reimbursement of Past Response Costs. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to EPA Region VII, Account No. 910-9125, ABA 043000261 (wire transit routing No.), referencing USAO File Number 2005V00666, the EPA Region and Site Spill ID Number A750 and DOJ Case Number 90-11-2-08217. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day. Settling Defendant shall send notice to EPA and DOJ that payment has been made in accordance with Section XI (Notices and Submissions).

## VI. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

5. Interest on Late Payments. In the event that the payment required by Section V (Reimbursement of Past Response Costs) or Section VI, Paragraph 6 (Stipulated Penalty), are not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.

6. Stipulated Penalty.

   a. If any amounts due to EPA under this Consent Decree are not paid by the required date, Settling Defendant shall pay to EPA as a stipulated penalty, in addition to the Interest required by Paragraph 5, $5000 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

> Mellon Bank, EPA Region VII Superfund
> P. O. Box 371099M
> Pittsburgh, Pennsylvania 15251

All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making payment, the EPA Region and Site ID A750, USAO File Number 2005V00666, and DOJ Case Number 90-11-2-08217. Copies of checks paid pursuant to this Paragraph, and any accompanying transmittal letter[s], shall be sent to EPA and DOJ as provided in Section XI (Notices and Submissions).

c. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day the delinquent payment was due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate failures to make payments under this Consent Decree.

7. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

8. Payments made under Paragraphs 5-7 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

9. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties or interest that have accrued pursuant to this Consent Decree.

## VII. COVENANT NOT TO SUE AND RESERVATIONS OF RIGHTS BY PLAINTIFF

10. **Covenant Not to Sue by United States.** Except as specifically provided in Paragraph 12 (Reservation of Rights by United States), the United States covenants not to sue Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for Covered Matters. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Past Response Costs to the EPA Hazardous Substance Superfund) and Section VI, Paragraphs 5 (Interest on Late Payments) and 6(a). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

11. **Reservation of Rights by United States.** The covenant not to sue set forth in Paragraph 10 does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all other matters, including but not limited to:

   a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

   b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

   c. criminal liability;

   d. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 6906; and

   e. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs.

## VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANT

12. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Covered

Matters or this Consent Decree, including but not limited to:

    a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b. any claim arising out of response actions at the Site for which the Past Response Costs were incurred; and

    c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Covered Matters.

13. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## IX. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

14. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

15. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for Covered Matters.

16. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the

complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

17. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## X. RETENTION OF RECORDS

18. Until ten (10) years after the entry of this Consent Decree, the Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

19. After the conclusion of the document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records or documents to EPA. Settling Defendant may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document,

record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this consent decree shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.

20. By signing this Consent Decree, the Settling Defendant certifies that, to the best of its knowledge and belief, it has:

a. conducted a thorough, comprehensive, good faith search for documents, and has fully and accurately disclosed to EPA, all information currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to the ownership, operation or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection with the Site;

b. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against the Settling Defendant regarding the Site; and

c. fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

## XI. NOTICES AND SUBMISSIONS

21. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at

the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendant, respectively.

<u>As to the United States</u>:

J. Daniel Breedlove
Assistant Regional Counsel
U.S. Environmental Protection Agency
901 North Fifth Street
Kansas City, Kansas

<u>As to DOJ</u>:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DOJ #90-11-2-08217)
P.O. Box 7611
Washington, D.C. 20044-7611

<u>As to EPA</u>:

J. Daniel Breedlove
Assistant Regional Counsel
U.S. Environmental Protection Agency
901 North Fifth Street
Kansas City, Kansas

<u>As to Settling Defendant</u>:

Kevin Loftus, Esq.
Deputy General Counsel & Assistant Secretary
The Gillette Company
Prudential Tower Building
Boston, Massachusetts 02199-8004

## XII. RETENTION OF JURISDICTION

22. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIII. INTEGRATION/APPENDICES

23. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this

Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is the Action Memorandum for the Site; and "Appendix B" is the map of the Site.

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

24. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

25. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. EFFECTIVE DATE

26. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVI. SIGNATORIES/SERVICE

27. The undersigned representative of the Settling Defendant to this Consent Decree and the Section Chief for the Environmental Enforcement Section of the Environment and Natural Resources Division of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

28. The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

29. The Settling Defendant shall identify, on the attached signature page, the name and

address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

SO ORDERED THIS 17 DAY OF August, 2006

*[signature]*
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v.</u> <u>The Gillette Company</u> relating to the Former Frith Battery Dump Superfund Site.

Date: June 6, 2006

FOR THE UNITED STATES OF AMERICA

Ellen M. Mahan
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources
 Division
U.S. Department of Justice
Washington, D.C. 20530

Elizabeth L. Loeb
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

CHARLES W. LARSON, SR.
U.S. Attorney
Robert Butler
Assistant U.S. Attorney
Northern District of Iowa
Hach Bldg. Suite 400
401 1st Street, S.E.
Cedar Rapids, Iowa 52401

_____
Cecilia Tapia, Director
Superfund Division
U.S. Environmental Protection Agency
901 North Fifth Street
Kansas City, Kansas 66101

_____
J. Daniel Breedlove
Assistant Regional Counsel
U.S. Environmental Protection Agency
901 North Fifth Street
Kansas City, Kansas 66101

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. The Gillette Company, relating to the Former Frith Battery Dump Superfund Site.

FOR DEFENDANT THE GILLETTE COMPANY

Date: 8-20-06

Kevin Loftus, Esq.
Deputy General Counsel and Assistant Secretary
The Gillette Company
Prudential Tower Building
Boston, MA 02199

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Kevin Loftus, Esq.
Deputy General Counsel and Assistant Secretary
The Gillette Company
Prudential Tower Building
Boston, MA 02199

Copies mailed on: mem 08.17.2006

to counsel of record or pro se parties as shown on docket and other parties listed here: